UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER TODD WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>LAWRENCE LIVERMORE NATIONAL SECURITY, LLC, et al.,<br><br>Defendants. | Case No. 20-cv-03510-JCS<br>*Filed Under Seal*<br><br>**ORDER TO SERVE THE UNITED STATES** |

Plaintiff Peter Todd Williams, pro se, brings this action under the False Claims Act against his former employer Lawyer Livermore National Security, LLC, among other defendants.

The False Claims Act ("FCA") authorizes private persons to bring an action "for the person and for the United States Government" to recover government losses due to false claims, and provides that such actions "shall be brought in the name of the Government." 31 U.S.C. § 3730(b)(1). Because such a person—known as a "relator"—represents the interests of the United States, however, the Ninth Circuit has held that a relator who is not an attorney licensed to practice before the court where the case has been filed "cannot prosecute a *qui tam* action on behalf of the United States" pro se, but instead must retain qualified counsel. *Stoner v. Santa Clara Cty. Office of Educ.*, 502 F.3d 1116, 1127 (9th Cir. 2007). This Court is bound by that Ninth Circuit precedent.

The FCA also permits a private plaintiff to bring a claim on his own behalf if he has been subject to retaliation for conduct protected under the FCA. *See* 31 U.S.C. § 3730(h); *see generally Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008) (discussing the distinction between "a FCA violation claim and a FCA retaliation claim").

It is not entirely clear which of those theories, or perhaps both of them, Williams intends to

pursue here. His complaint cites the provision of the statute defining a *violation* of its prohibition against false claims as the "pertinent part," and seeks treble damages, which are available only for a violation claim brought on behalf of the United States. *See* Compl. (dkt. 1) ¶¶ 18, 80; *compare* 31 U.S.C. § 3729(a)(1) (providing for treble damages for government losses) *with* 31 U.S.C. § 3730(h)(2) (providing for relief including "2 times the amount of back pay" on a retaliation claim). On the other hand, Williams asserts that Defendants acted "in violation of the anti-retaliation provisions of the FCA," and the damages that he seeks to treble are his own losses due to unemployment rather than any harm to the United States. *See* Compl. ¶¶ 78, 80.

The Clerk treated Williams's complaint as asserting at least in part an FCA violation claim and filed the action under seal pursuant to 31 U.S.C. § 3730(b)(2) pending a decision by the United States whether to intervene under § 3730(b)(4). If Williams in fact intends to pursue such a claim, he must retain counsel. *See Stoner*, 502 F.3d at 1127. If Williams seeks only to vindicate his personal interest in damages for retaliation, however, the FCA would impose no requirement that he retain counsel or that the case remain under seal. *See United States ex rel. Reihanifam v. Fresenius USA, Inc.*, No. 13-cv-11486-IT, 2016 WL 11634788, at *4 (D. Mass. Mar. 28, 2016) ("The sealing provisions refer only to the qui tam complaint; there is simply no such sealing and staying requirement for FCA retaliation claims.").

Because Williams's complaint could be construed as asserting an FCA "violation" claim, Williams is ORDERED to serve the United States with a "copy of the complaint and written disclosure of substantially all material evidence and information the person possesses," as well as a copy of this order, pursuant to 31 U.S.C. § 3730(b)(2) and Rule 4(i)(1)[1] of the Federal Rules of Civil Procedure, and to file proof of service after he has done so. Along with its decision whether to intervene pursuant to 31 U.S.C. § 3730(b)(4), the United States may file a statement addressing whether any other government interest requires Williams's complaint—which concerns nuclear weapons research—to remain under seal.

If the United States declines to intervene, the Court will take further steps at that time to

---

[1] Although the statutory language of § 3730(b)(2) references Rule 4(d)(4), the relevant rule for serving the United States has since been recodified as Rule 4(i).

determine whether Williams intended to bring a "violation" claim and whether he may proceed without counsel.  **Williams shall <u>not</u> serve his complaint on Defendants pending further order of the Court.**

Williams is encouraged to contact the Federal Pro Bono Project's Pro Se Help Desk for assistance if he continues to pursue this case without counsel.  Lawyers at the Help Desk can provide basic assistance to parties representing themselves but cannot provide legal representation.  Although in-person appointments are not currently available due to the COVID-19 public health emergency, Williams may contact the Help Desk at (415) 782-8982 or FedPro@sfbar.org to schedule a telephonic appointment.

This order shall be filed under seal and remain under seal unless and until the case as a whole is unsealed.

**IT IS SO ORDERED.**

Dated: June 10, 2020

_____
JOSEPH C. SPERO
Chief Magistrate Judge