1

2

3

4                    UNITED STATES DISTRICT COURT

5                    NORTHERN DISTRICT OF CALIFORNIA

6

7    PETER TODD WILLIAMS,                    Case No.  20-cv-03510-JCS
                                             *Filed Under Seal*
8              Plaintiff,
                                             **ORDER MAINTAINING SEAL**
9         v.
                                             **ORDER TO SHOW CAUSE WHY
10   LAWRENCE LIVERMORE NATIONAL             CLAIM SHOULD NOT BE DISMISSED**
     SECURITY, LLC, et al.,
11
               Defendants.
12

13          Peter Todd Williams, pro se, filed this action under the False Claims Act ("FCA") against

14   his former employer Lawyer Livermore National Security, LLC, among other defendants.  The

15   Court previously determined that it was unclear whether Williams sought to assert an FCA

16   "violation" claim on behalf of the United States, which would require him to retain counsel, or

17   only an FCA "retaliation" claim on his own behalf, which he could pursue pro se.  Order to Serve

18   the United States (dkt. 4).  The Court ordered service on the United States so that it could elect

19   whether to intervene as to the potential "violation" claim, *id.* and later granted an extension of time

20   for the United States to make its decision, dkt. 11.  The Court also invited the United States to

21   "file a statement addressing whether any other government interest requires Williams's

22   complaint—which concerns nuclear weapons research—to remain under seal."  Order to Serve the

23   United States at 2.

24          The United States has now elected not to intervene, but citing a Department of Energy

25   policy regarding potentially classified information in the public domain, "has no comment on the

26   classification status or technical accuracy of any of the allegations in the complaint."  *See* dkt. 14

27   at 2.  Despite declining to address whether any information in the complaint is classified, "the

28   United States respectfully requests that the Court (1) maintain the seal over the complaint and

United States District Court
Northern District of California

1  (2) order the Plaintiff to file, within two weeks of the Court's Order, a redacted version of the

2  complaint with Section VIII, Factual Background, Paragraphs 19-55, redacted," after which the

3  United States will "seek an order unsealing the redacted version of the Complaint, as well as

4  certain other papers filed in this action." *Id.*  Williams filed a response opposing that suggestion

5  and seeking to unseal his complaint in the entirety, based on his assertion that he has never had

6  access to classified information.  *See* dkt. 15.

7  The Court declines to resolve these issues of redaction and sealing until the scope of the

8  case has been clarified.  In an abundance of caution, the docket will remain under seal in its

9  entirety pending further order of the Court.

10  As noted previously, Williams cannot proceed without counsel as a relator for an FCA qui

11  tam "violation" claim.  Order to Serve the United States at 1 (citing *Stoner v. Santa Clara Cty.*

12  *Office of Educ.*, 502 F.3d 1116, 1127 (9th Cir. 2007)).   Williams's complaint is ambiguous as to

13  whether he intends to assert such a claim:

> His complaint cites the provision of the statute defining a *violation* of
> its prohibition against false claims as the "pertinent part," and seeks
> treble damages, which are available only for a violation claim brought
> on behalf of the United States. *See* Compl. (dkt. 1) ¶¶ 18, 80; *compare*
> 31 U.S.C. § 3729(a)(1) (providing for treble damages for government
> losses) *with* 31 U.S.C. § 3730(h)(2) (providing for relief including "2
> times the amount of back pay" on a retaliation claim). On the other
> hand, Williams asserts that Defendants acted "in violation of the
> antiretaliation provisions of the FCA," and the damages that he seeks
> to treble are his own losses due to unemployment rather than any harm
> to the United States. See Compl. ¶¶ 78, 80.

20  *Id.* at 2.

21  Williams is therefore ORDERED, no later than June 9, 2021, to do one of the following:

22  (1) appear through counsel; (2) file an amended complaint that clearly does not include a qui tam

23  claim for violation of the FCA's substantive provisions (as opposed to a claim for retaliation,

24  which Williams may pursue pro se); or (3) file a response to this order arguing why Williams

25  should be permitted to proceed on his present complaint.  If Williams takes no action by that date,

26  or if his response is insufficient to allow him to proceed, the case will be reassigned to a United

27  States district judge with a recommendation to dismiss Williams's complaint to the extent that it

28  asserts a qui tam claim for violation of the FCA.

The parties need not address the issue of sealing further until the question of whether Williams can pursue the claim or claims he is asserting is resolved.  **Williams shall <u>not</u> serve his complaint on Defendants pending further order of the Court.**

This order shall be filed under seal and remain under seal unless and until the case as a whole is unsealed.  The Clerk is instructed to serve this order on Williams and AUSA Michelle Lo via email, and on Williams by mail.

**IT IS SO ORDERED.**

Dated: May 12, 2020

_____
JOSEPH C. SPERO
Chief Magistrate Judge

United States District Court
Northern District of California

3