UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER TODD WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LAWRENCE LIVERMORE NATIONAL SECURITY, LLC,<br><br>　　　　Defendant. | Case No. 20-cv-03510-JCS<br><br>**ORDER UNSEALING CASE EXCEPT FOR COMPLAINTS AND CONTINUING CASE MANAGEMENT CONFERENCE**<br><br>**ORDER TO SERVE DEFENDANT** |

　　　　Plaintiff Peter Todd Williams, pro se, brought this this action under the False Claims Act ("FCA") against his former employer Lawrence Livermore National Security, LLC ("LLNS"), among other defendants. Because Williams's original complaint (dkt. 1) appeared to assert a qui tam claim on behalf of the United States, the Clerk sealed the case and the Court ordered service on the United States so that it could elect whether to intervene. The United States has since declined to intervene, and Williams has amended his complaint to assert only a retaliation claim under the FCA—which, unlike a qui tam claim, he may pursue without a lawyer—and to name LLNS as the only defendant. *See* Am. Compl. (dkt. 17).

　　　　The Clerk shall therefore issue summons as to LLNS. Williams is ORDERED to serve the following documents on LLNS no later than August 13, 2021: (1) his original complaint[1]; (2) his amended complaint; (3) summons; and (4) this order.

　　　　Because the United States elected not to intervene and Williams is no longer pursuing a qui tam claim, the sealing provisions of the FCA no longer apply. The docket for this case is therefore

---

[1] While the original complaint has now been superseded and does not require an answer, the Court orders its service to allow LLNS to determine whether it believes any portion of that complaint should remain under seal.

hereby UNSEALED, *except* that in an abundance of caution, the Court will maintain Williams's original complaint and his amended complaint provisionally under seal based on potentially sensitive information contained therein. Any party, or the United States, may file a motion setting forth compelling reasons to keep narrowly-tailored portions of either complaint under seal no later than twenty-one days after LLNS is served.[2] If no such motion is filed, both complaints will be unsealed.

The parties are advised that any future filings in this now-unsealed case will be available to the public unless the parties follow the procedure of Civil Local Rule 79-5 to seek leave to file documents under seal.

The case management conference previously set for June 18, 2021 is CONTINUED to September 10, 2021 at 2:00 PM, to occur via Zoom webinar. The parties shall file a joint case management statement or separate case management statements no later than September 3, 2021.

Williams is encouraged to contact the Federal Pro Bono Project's Pro Se Help Desk for assistance if he continues to pursue this case without counsel. Lawyers at the Help Desk can provide basic assistance to parties representing themselves but cannot provide legal representation. Although in-person appointments are not currently available due to the COVID-19 public health emergency, Williams may contact the Help Desk at (415) 782-8982 or FedPro@sfbar.org to schedule a telephonic appointment.

**IT IS SO ORDERED.**

Dated: June 14, 2021

JOSEPH C. SPERO
Chief Magistrate Judge

---

[2] This order does not require LLNS to file its answer or any motion to dismiss under seal merely based on references to the provisionally-sealed complaint. That said, if LLNS believes any confidentiality or national security interest requires sealing, it may file an administrative motion to file portions of its answer or motion under seal.