1  BLANCA F. YOUNG (State Bar No. 217533)
   Blanca.Young@mto.com
2  SKYLAR B. GROVE (State Bar No. 310707)
   Skylar.Grove@mto.com
3  MUNGER, TOLLES & OLSON LLP
   560 Mission Street
4  Twenty-Seventh Floor
   San Francisco, California 94105-2907
5  Telephone:    (415) 512-4000
   Facsimile:    (415) 512-4077
6
   ROBYN K. BACON (State Bar No. 251048)
7  Robyn.Bacon@mto.com
   MUNGER, TOLLES & OLSON LLP
8  350 South Grand Avenue
   Fiftieth Floor
9  Los Angeles, California 90071-3426
   Telephone:    (213) 683-9100
10 Facsimile:    (213) 687-3702

11 *Attorneys for Defendant Lawrence Livermore
   National Security, LLC*
12

13

14                    UNITED STATES DISTRICT COURT

15                   NORTHERN DISTRICT OF CALIFORNIA

16                        SAN FRANCISCO DIVISION

17

| | |
|---|---|
| 18  PETER TODD WILLIAMS,<br>19          Plaintiff,<br>20          v.<br>21  LAWRENCE LIVERMORE NATIONAL<br>    SECURITY, LLC,<br>22<br>23          Defendant. | Case No. 3:20-CV-03510-JCS<br><br>**DEFENDANT LAWRENCE LIVERMORE NATIONAL SECURITY, LLC'S INITIAL CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT**<br><br>Hearing Date: September 10, 2021<br>Time: 2:00 p.m.<br>Judge: Honorable Joseph C. Spero<br>Crtrm.: F – 15th Floor<br><br><br>Action Filed: May 22, 2020<br>Trial Date: None Set |

Defendant Lawrence Livermore National Security, LLC ("LLNS" or "Defendant") submits this initial Case Management Statement pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, the Standing Order for All Judges of the Northern District of California, and this Court's Order dated June 14, 2021 (ECF No. 18). Plaintiff Peter Todd Williams ("Plaintiff") is *pro se*.

1.   **JURISDICTION AND SERVICE**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 31 U.S.C. § 3730(h). No issues exist regarding personal jurisdiction or venue. Plaintiff served LLNS on or about August 10, 2021.

2.   **FACTS**

LLNS manages and operates the Lawrence Livermore National Laboratory ("LLNL") for the National Nuclear Security Administration within the Department of Energy ("DOE"). Plaintiff worked at LLNL as a probationary employee for a short time period, between January 2016 and May 2017. Plaintiff's First Amended Complaint alleges that LLNS terminated Plaintiff in violation of the federal False Claims Act's ("FCA") anti-retaliation provision, 31 U.S.C. § 3730(h). Plaintiff has stated that he intends to file a Second Amended Complaint adding causes of action under the *qui tam* provisions of the FCA; the California False Claims Act's ("CFCA") anti-retaliation provision, Cal. Gov't Code § 12653; and California Labor Code § 1102.5. Plaintiffs' allegations are unsubstantiated.

Although Plaintiff claims he was terminated for raising concerns regarding the modeling methodologies of another LLNL scientist, Dr. Peter Vitello, in fact, Plaintiff's dispute with Dr. Vitello was a technical disagreement that was unrelated to the reasons for his termination. Plaintiff struggled to perform as a probationary employee. He had difficulty effectively using the tools he was asked to apply, had difficulty achieving an effective balance between making progress on his assignments and challenging the underlying approach or pursuing his own ideas instead, and had an unacceptable level of productivity on assigned tasks. After extending Plaintiff's probationary period and giving him multiple chances, LLNS terminated Plaintiff's employment based on these performance issues.

Plaintiff has stated that he also intends to re-plead his previously withdrawn *qui tam* claim alleging violation of the FCA in a Second Amended Complaint. Plaintiff's allegations are unsubstantiated, and as explained in Section 3.b below, Plaintiff's anticipated *qui tam* claim cannot proceed as a matter of law.

### 3.   **LEGAL ISSUES**

Plaintiff cannot establish a *prima facie* case of retaliation or demonstrate that LLNS's legitimate, non-retaliatory reasons for terminating his employment were pretextual. Plaintiff did not engage in any protected activity, LLNS had no knowledge of Plaintiff engaging in any protected activity, and LLNS decided to terminate Plaintiff's employment for legitimate reasons unrelated to any protected activity. *See, e.g.*, *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1102 n.3 & 1103 (9th Cir. 2008) (discussing the elements of retaliation claims under the FCA and CFCA); Cal. Lab. Code § 1102.5(b). LLNS has not yet filed a responsive pleading and is still evaluating its defenses.

Plaintiff's anticipated re-pleaded *qui tam* claim alleging violation of the FCA cannot proceed as a matter of law. Among other things, as this Court previously explained, "Williams cannot proceed without counsel as a relator for an FCA qui tam 'violation' claim," ECF No. 16 at 2; ECF No. 4 at 1-2 (citing *Stoner v. Santa Clara Cty. Office of Educ.*, 502 F.3d 1116, 1127 (9th Cir. 2007)). Plaintiff appears to recognize that binding Ninth Circuit precedent bars him from pursuing such a claim, having stated to LLNS that he is alleging the *qui tam* claim solely to preserve it for appeal through and including seeking a writ of *certiorari*.

### 4.   **MOTIONS**

The Court has issued orders extending the time for LLNS to respond to Plaintiff's complaint and extending the time for any party or the United States to file a motion to maintain portions of Plaintiff's complaints under seal until October 11, 2021. ECF Nos. 27 & 33.

LLNS anticipates filing the following motions: a motion to seal portions of Plaintiff's complaints, a motion under Federal Rule of Civil Procedure 12(f) to strike portions of Plaintiff's complaint, and a motion for a protective order concerning sensitive subject areas. If Plaintiff is permitted to re-plead a *qui tam* claim alleging violation of the FCA, LLNS anticipates filing a

motion to dismiss at least the portion of the complaint relating to that claim.  LLNS also anticipates filing a motion for summary judgment.

5. **AMENDMENT OF PLEADINGS**

Plaintiff amended his complaint on or about June 9, 2021 to withdraw his *qui tam* claim alleging violation of the FCA, remove the individual defendants, and add additional allegations.  Plaintiff has stated he will file a Second Amended Complaint to re-plead his *qui tam* claim alleging violation of the FCA, add claims alleging violation of the CFCA's anti-retaliation provision and California Labor Code § 1102.5, and add additional allegations.

Based on Plaintiff's statements to LLNS, it is unclear whether Plaintiff intends to seek leave before filing a Second Amended Complaint.  LLNS's position is that Plaintiff must seek leave to file a Second Amended Complaint because Federal Rule of Civil Procedure 15(a)(1) only allows a party to "amend its pleading once as a matter of course," and Plaintiff already did so in filing his First Amended Complaint.  Plaintiff should be denied leave to re-plead a *qui tam* claim alleging violation of the FCA.  Among other things, such an amendment would be futile because Plaintiff cannot pursue a *qui tam* claim without counsel.

LLNS requests that the Court set a deadline of September 24, 2021 for Plaintiff to seek leave to file a Second Amended Complaint.  LLNS believes that no further amendments of the complaint should be permitted unless Plaintiff can show good cause in addition to satisfying the requirements of the Federal Rules of Civil Procedure.

6. **EVIDENCE PRESERVATION**

LLNS certifies that it has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, and that it has met and conferred with Plaintiff pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

7. **INITIAL DISCLOSURES**

LLNS will provide Plaintiff with its initial disclosures by the deadline of September 3, 2021 in compliance with Federal Rule of Civil Procedure 26.

8.  **DISCOVERY**

    a.  **Stay of Discovery Pending Resolution of Motions.**

As explained in LLNS's unopposed motion for an order extending the time to file a motion to seal (ECF Nos. 31, 30-1, 30-2), Plaintiff's complaint potentially implicates national security concerns. For those reasons (among others), in addition to the motion to seal, LLNS anticipates filing a motion to strike portions of the complaint under Rule 12(f) and a motion for a protective order. If Plaintiff is permitted to re-plead a *qui tam* claim alleging violation of the FCA, LLNS anticipates filing a motion to dismiss at least the portion of the complaint relating to that improper claim. LLNS's position is that, aside from initial disclosures, discovery should be stayed for the brief period until the Court resolves these anticipated motions, because their resolution will define the scope of this case and determine the appropriate limitations on discovery and procedures needed to protect national security interests.

For example, the DOE's Classification Bulletin dated September 23, 2014, GEN-16 Revision 2: "No Comment" Policy on Classified Information in the Open Literature ("GEN-16 No Comment Policy"), *available at* https://sgp.fas.org/othergov/doe/gen-16-rev2.pdf, significantly limits what LLNS and anyone else with clearance to access classified information may do or say in connection with published information concerning sensitive subject areas. For example, GEN-16 prohibits persons with access to classified information from engaging in any activity "that would allow a person who is not authorized access to classified information to locate the information or confirm the classified nature or technical accuracy of the information." This policy thus constrains how LLNS or relevant witnesses with clearance to access classified information may respond to allegations or discovery that may implicate sensitive information in areas that are subject to classification. In light of Plaintiff's allegations and the wide-ranging discovery Plaintiff has indicated he intends to pursue, which implicate this policy, it is critical that the Court first determine the appropriate scope of the complaint and institute an appropriate protective order before discovery goes forward.

No prejudice to Plaintiff will result from a short stay of discovery in the interim. He is not seeking any injunctive relief nor is there any other reason why discovery is immediately

necessary.  Yet, Plaintiff refused to agree to an interim stay and has already served LLNS with a number of discovery requests.  This puts the cart before the horse.  Other than initial disclosures, which the parties have agreed to exchange, discovery should not go forward before the Court settles LLNS's important motions and enters a protective order.

          b.    **Topics for Discovery.**

Plaintiff's anticipated re-pleaded *qui tam* claim alleging violation of the FCA is improper and cannot proceed as a matter of law.  Plaintiff has indicated that he intends to seek discovery that runs far afield of the narrow retaliation claims at issue, including discovery into technical details of Dr. Vitello's modeling work, how that work was later used, and details of LLNS's contracts with the government and its performance under those contracts.  Such wide-ranging discovery is not appropriately tailored to the issues in the case, and would raise problematic issues with respect to sensitive subject areas on which LLNS or relevant witnesses may not be permitted to comment under DOE policy.  Discovery should be limited and appropriately tailored to the narrow employment-related issues in this case, and conducted in a way that avoids implicating national security interests.

          c.    **Protective Order.**

LLNS intends to file a motion for a protective order to address information relating to sensitive subject areas.  LLNS contends that Plaintiff does not need any classified information to pursue his case and that LLNS should not be put in a position that would cause it to disclose any classified information.  Further, it is LLNS's position that it cannot effectively defend against an allegation or allegations that would potentially require reference to sensitive information in subject areas subject to classification.

          d.    **Types of Discovery.**

LLNS intends to serve written discovery and requests for production pursuant to the discovery rules.  LLNS and Plaintiff have met and conferred regarding e-discovery and intend to endeavor to cooperate on the forms and methods of production in light of Plaintiff's status as a *pro se* litigant.  Plaintiff has indicated that he intends to take three depositions of lay witnesses and to seek to submit testimony from a non-retained expert on explosives.  LLNS intends to depose

Plaintiff and may need to take additional depositions depending on how the case progresses. LLNS believes expert discovery should not be necessary in this case because this is an ordinary employment retaliation case.

LLNS believes that discovery can be completed relatively quickly—within a period of months—and that phasing is not necessary.

### 9. CLASS ACTIONS

This case is not a class action.

### 10. RELATED CASES

LLNS is not aware of any related cases or proceedings.

### 11. RELIEF

LLNS denies liability. Pursuant to this District's Standing Order, LLNS states that if liability is established, any damages should be limited to the available relief under the applicable statute for the cause of action. LLNS disputes Plaintiff's methodology for calculating damages.

### 12. SETTLEMENT AND ADR

LLNS discussed prospects for settlement and ADR processes at the Rule 26(f) conference with Plaintiff. LLNS has filed an ADR Certification in compliance with ADR Local Rule 3-5. LLNS believes that the case needs to progress further in order to evaluate whether an ADR process would be useful.

### 13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

LLNS has consented to magistrate judge jurisdiction.

### 14. OTHER REFERENCES

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15. NARROWING OF ISSUES

LLNS's anticipated motion to dismiss Plaintiff's *qui tam* claim alleging violation of the FCA and motion to strike portions of the complaint would narrow the issues to avoid unnecessary forays into Plaintiff's anticipated improper *qui tam* claim and immaterial, sensitive national security subject areas.

16. **EXPEDITED TRIAL PROCEDURE**

This case is not suitable for the Expedited Trial Procedure of General Order No. 64 Attachment A.

17. **SCHEDULING**

LLNS proposes the following dates for the case schedule, subject to the Court's calendar and availability:

Non-expert Discovery Cutoff: June 1, 2022

Designation of Experts: June 15, 2022

Rebuttal Expert Disclosures: July 6, 2022

Expert Discovery Cutoff: July 20, 2022

Last Date to File Dispositive Motions: July 22, 2022

Last Hearing Date for Dispositive Motions: August 26, 2022

Final Pretrial Conference: November 18, 2022

Trial: December 19, 2022

18. **TRIAL**

Plaintiff has demanded that the case be tried to a jury.  If the case proceeds to trial, LLNS expects the trial to last approximately 2 days.

19. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

LLNS has filed a Certification of Interested Entities or Persons disclosing the following LLC members: The Regents of the University of California; Bechtel National, Inc. (a subsidiary of Bechtel Corp.); BWXT Government Group, Inc. (a subsidiary of BWX Technologies, Inc.); and AECOM Energy & Construction, Inc. (a subsidiary of Amentum Services, Inc.).  ECF No. 28.

Plaintiff has not filed a Certification of Interested Entities or Persons.

20. **PROFESSIONAL CONDUCT**

Counsel of record for LLNS have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Plaintiff is proceeding *pro se*.

|   |   |
|---|---|
| 1 | Respectfully submitted, |
| 2  DATED:  September 3, 2021 | MUNGER, TOLLES & OLSON LLP |
| 3 |     BLANCA F. YOUNG |
|   |     ROBYN K. BACON |
| 4 |     SKYLAR B. GROVE |

By: _____/s/ Robyn K. Bacon_____
     ROBYN K. BACON

Attorneys for Defendant
LAWRENCE LIVERMORE NATIONAL
SECURITY, LLC